IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BEVERLY D. CHENOWITH                                                    PLAINTIFF

v.                              CIVIL NO. 08-2019

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Beverly D. Chenowith brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**I.    Procedural Background:**

The applications for DIB and SSI presently before this court were filed on October 1, 2004, alleging an inability to work since March 3, 2003, due to a liver disorder and a dysthymic disorder.[1] (Tr. 13, 48). An administrative hearing was held on March 9, 2007. (Tr. 326-357). Plaintiff was present and represented by counsel.

---

[1] At the administrative hearing on March 9, 2007, plaintiff amended her alleged onset date to November 1, 2003. (Tr. 337).

AO72A
(Rev. 8/82)

By written decision dated July 25, 2007, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15-16). The ALJ found plaintiff retained the residual functional capacity (RFC) to lift a maximum of ten pounds and to sit for a total of six hours in an eight-hour workday with normal breaks.[2] (Tr. 16). From a mental standpoint, the ALJ determined plaintiff has mild difficulty concentrating and/or thinking due to dysthymia. (Tr. 16). With the help of vocational expert testimony, the ALJ found plaintiff could perform other work as a receptionist, a cashier and a production worker. (Tr. 20).

Plaintiff appealed the decision of the ALJ to the Appeals Council. The Appeals Council denied plaintiff's request for review on January 12, 2008. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. 1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. 5,6).

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining

---

[2]The court notes in the body of the decision the ALJ states "The medical evidence of record substantiates the residual functional capacity to lift and/or carry 20 pounds occasionally, 10 pounds frequently, and to stand and/or walk 6 out of 8 hours with additional restrictions in stooping and crouching." (Tr. 19).

the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing

past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920.

### III.   Discussion:

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

When determining the RFC, the ALJ must identify plaintiff's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis, including the functions of sitting, standing, walking, lifting, carrying, pushing and pulling. *Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003); S.S.R. 96-8p, 1996 WL 374184, at *1; 20 C.F.R. §§404.1545, 416.945. In the present case, the ALJ determined plaintiff could "lift a maximum of 10 pounds and to sit for a total of 6 hours in an 8-hour workday with normal breaks." The ALJ failed to address the remaining work-related abilities. This is troubling because in the body of the hearing decision the ALJ found plaintiff could perform light work and in making that determination stated he concurred with the non-examining medical consultants opinions who found plaintiff could perform light work. (Tr. 19, 263-273). Specifically, the ALJ states "the medical evidence of record substantiates the residual functional capacity to lift and/or carry 20 pounds occasionally, 10 pounds frequently, and to stand and/or walk 6 out of 8 hours with additional restrictions in stooping and crouching." (Tr. 19).

The ALJ's failure to discuss all of plaintiff's work-related abilities is further troubling because the record reveals that in April of 2005, plaintiff was noted to have marked wasting of her extremities upon admission to Saint Mary's Regional Medical Center. (Tr. 130). In June of 2005, the evidence reveals plaintiff was walking to some degree and was just starting to negotiate steps. (Tr. 186). The medical evidence further reveals plaintiff was being treated for pain with a Duragesic pain patch which is used to treat moderate to severe chronic pain.[3] (Tr. 289). Plaintiff reported side effects due to her pain medication; however, the ALJ failed to

---

[3] A Duragesic patch is indicated for management of persistent moderate to severe chronic pain the requires continuous administration for a period of time and cannot be managed by other means such as non-steroidal analgesics, opioid combination products or immediate-release opioids. *Physician's Desk Reference*, 61st Ed. p. 2373 (2007).

AO72A (Rev. 8/82)

address this in the determination for benefits. Dr. Donald F. Hill, plaintiff's treating physician, also noted plaintiff was not sleeping well and was not "horribly active" in December of 2006. As it appears the ALJ made conflicting findings regarding plaintiff's RFC and the evidence clearly establishes plaintiff has limitations regarding her abilities to perform activities of daily living, we believe remand is warranted so that the ALJ can specifically address his findings regarding plaintiff's work-related abilities.

While on remand, we strongly suggest the ALJ direct interrogatories to Dr. Hill requesting he provide the objective basis for his RFC assessments. We further recommend the ALJ order a consultative physical exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose plaintiff's condition(s), and complete a medical assessment of plaintiff's abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.   Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

AO72A
(Rev. 8/82)

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of March 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)